## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Jonathan Joel Ossman, | : | Case No. 21-13274 (PMM) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Sabrina Ossman and | : | |
| Shirley Keenhold, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Adv. Proc.  22-0022 (PMM) |
| | : | |
| Jonathan Joel Ossman, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**AND NOW**, upon consideration of the Debtor's Motion to Dismiss the Amended

Complaint (the "Motion," doc. #12), and the Response thereto (doc. #16), it is hereby

**ORDERED**, that:

1. The Motion is **granted** with regard to Counts II and III; Counts II and III are hereby

   **dismissed**;

2. The Motion is **denied** with regard to Counts I and IV;

3. The Defendant must file an answer with regard to Counts I and IV of the Amended

   Complaint on or before **October 3, 2022**.

Date: September 2, 2022

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

## <u>ENDNOTE</u>

The factual and legal basis regarding determination of this matter were outlined in the Order granting the first Motion to Dismiss, <u>see</u> doc. #9, and will not be repeated here.  That Order held that the initial Complaint failed "to state a facially plausible cause of action" and dismissed the Complaint without prejudice.  <u>Id</u>. at 4.  The Plaintiffs filed an Amended Complaint on July 18, 2022.  The Debtor responded with the pending Motion to Dismiss, renewing his argument that the Complaint is inadequate.

The Amended Complaint again purports to state four (4) causes of action pursuant to §727(a)(2), §727(a)(3), §727(a)(4), and §727(a)(5).  I will discuss each in turn.

\* \* \*

Count I of the Amended Complaint seeks to deny the Debtor's discharge due to his alleged concealment of assets.  Because Count I, as amended, succeeds in stating a *prima facie* cause of action under §727(a)(2), it will survive the Motion to Dismiss.

Pursuant to §727(a)(2), discharge will be denied if  "with intent to hinder, delay, [the debtor] transferred, removed, destroyed, mutilated, or concealed" assets.

The Plaintiffs allege in Count I that the Debtor sought to conceal both his lucrative ownership of ICS Contractors, which had a gross revenue of $157,000.00, and his valuable watch collection  (photographs of which are included).  The Complaint states when ICS was founded, how much revenue it generated, as well as the level and nature the Debtor's involvement in the business.  Count I thus sufficiently details the "when, where, and how" of the alleged fraud, satisfying the pleading standards of Federal Rules 9 and 12(b)(6) (as well as the short and plaint statement requirement of Federal Rule 8, mentioned but not relied on by the Motion).

2

Count I will not be dismissed.

\* \* \*

However, Count II of the Complaint, purporting to state a cause of action pursuant to 11 U.S.C. §727(a)(3), will not survive the Motion.  Section 727(a)(3) provides that a Debtor will be denied a discharge if he conceals or fails to keep or preserve recorded information.  To state a *prima facie* case under section 727(a)(3), a party objecting to discharge must show that: (1) the debtor failed to maintain and preserve adequate records; and (2) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions . . . The objecting party must make an initial showing that the debtor's records are inadequate.  In re Jacobs, 381 B.R. 147, 166 (Bankr. E.D. Pa. 2008) (citations omitted).

Count II does not allege, as is necessary to state a cause of action under §727(a)(3), that the Debtor's failure to keep records makes it impossible for creditors to discern his financial condition.  Rather, this portion of the Complaint alleges that the Debtor fails to provide information necessary to determine the value of assets previously hidden but now disclosed – namely the Debtor's crypto currency, Yamaha Grizzley, Cub Cadet lawn mower, and Blaze Trailer.  In other words, the Plaintiffs assert that the Debtor hid assets of an undetermined value, not that the absence of records precludes the discovery of assets.

Because Count II essentially restates the allegations set forth in Court I, rather than stating an independent cause of action under §727(a)(3), this Count will be dismissed.

\* \* \*

Count III fails to plead any factual details and merely summarily concludes a cause of action under §727(a)(4). Count III will therefore be dismissed.

\* \* \*

Finally, Count IV, while thin, does provide bare grounds to state a cause of action pursuant to §727(a)(5).  In order to state a cause of action under §727(a)(5), the objecting party must make a showing that the debtor "at one time owned substantial and identifiable assets that are no longer available to his creditors." In re Yanni, 354 B.R. 708, 716 (Bankr. E.D. Pa. 2006); see also In re Stewart, 2022 WL 3209467, at \*22 (Bankr. W.D. Okla. Aug. 3, 2022).

The Complaint alleges that the Debtor's ownership interest in ICS Contractors is not accounted for in the Debtor's schedules and not available for distribution.  Taking the Complaint as a whole and in the light most favorable to the Plaintiffs at the pleading stage, I find that the Count IV adequately pleads that an asset of value - ICS Contractors - is no longer available for liquidation.  This cause of action may be viewed as an alternative or a companion to Count I. Either the relevant, valuable assets have been concealed by the Debtor or the assets have otherwise been made unavailable to creditors.

The Defendant's insistence that the facts alleged in the Amended Complaint are merely "speculative" and that the Court may take judicial notice of counterfacts is not well taken at the pleading stage, when a court must assume that the averments of a complaint are true. Motion at 6.

For these reasons, Count IV of the Amended Complaint will not be dismissed.

\* \* \*

4